UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL B. JOHNSON,<br><br>             Plaintiff,<br><br>      v.<br><br>J. HEAD, et al.,<br><br>             Defendants. | No.  2:14-cv-2172 GEB CKD P<br><br><br>ORDER |

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  Before the court for screening is plaintiff's first amended complaint ("FAC").  (ECF No. 31.)  Defendants Head, Loera, and Maloney were served with the original complaint and have filed an answer.  (ECF No. 33.)

     Plaintiff alleges that, in September 2012, he was administered a "psychotropic mental health medication," Risperdal, that required him to drink a substantial amount of water to mitigate severe side effects in hot weather.  (FAC at 4.)  While on the medication, plaintiff was placed on a transport bus to a different prison.  (Id.)

     After two hours, he began to experience severe headaches, dizziness, dryness of mouth, and blackouts, and began to hyperventilate.  (Id. at 4-5.)  During a rest stop where the correctional staff on the bus were getting bottled waters and soda for themselves, plaintiff and other prisoners on the bus informed them that plaintiff needed water.  (Id. at 5.)  Defendant Head refused to give

1  plaintiff water.  (Id.)  The trip continued for another 2.5 hours, during which plaintiff's symptoms

2  continued, his heartbeat quickened and he became afraid he was going to die.  (Id. at 5.)  Plaintiff

3  and the other inmates again asked for water, but defendants Loera and Head told them to be quiet.

4  (Id.)  Defendant Maloney, who was supervising the transport, "also ignored plaintiff's cries for

5  water and help."  (Id.)

6       The bus stopped for a prison drop-off, and plaintiff asked to be let off the bus for water

7  and medical treatment, but defendant Maloney denied this request.  (Id. at 6.)  Three and a half

8  hours later, defendant Loera similarly told plaintiff he would have to wait for water until they

9  arrived at Chino.  (Id.)  When the bus arrived at Chino, plaintiff pleaded with defendants to

10 inform medical staff of his condition, but they refused.  (Id.)  The next day, plaintiff was loaded

11 onto the transport bus with defendants, and was without water for another six and a half hours.

12 (Id. at 7.)  Based on these allegations, the amended complaint states an Eight Amendment claim

13 for deliberate indifference to a prisoner's safety against defendants Head, Loera, and Maloney.

14      Plaintiff also names two high-ranking correctional officials as defendants.   Supervisory

15 personnel are generally not liable under §1983 for the actions of their employees under a theory

16 of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

17 causal link between him and the claimed constitutional violation must be specifically alleged.

18 See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  Plaintiff does not specifically allege that

19 these defendants had any knowledge of, or any hand in causing, the events described above, and

20 thus fails to state a claim against them.  As they do not appear on the docket and have not been

21 served, no further action is required.

22      Accordingly, IT IS HEREBY ORDERED that this action proceeds on plaintiff's Eighth

23 Amendment claims against Head, Loera, and Maloney.

24 Dated:  February 23, 2015

25 _____

26 CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

27

28 2 / john2127.1amd.new

2